AO 106 (Rev. 04/10) Application for a Search Warrant

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUN 10 2021

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas

JAMIE GIANI, Clerk
By
_____
Deputy Clerk

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

AT&T Cellular Phone Number Assigned Call Number 405-215-1790

)
)
)    Case No.  5:21CM 37
)
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Described in Attachment A. This Court has authority pursuant to 18 USC 2703(c)(1)(A); 18 USC 2711(3)(A); Rule 41

located in the ____unknown____ District of ____unknown____, there is now concealed *(identify the person or describe the property to be seized)*:

Described in Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841(a)(1); (b)(1)(A)(viii); (b)(1)(B)(viii); 846; and 18 USC 2 | Conspiracy to Distribute More Than 500 Grams of a Mixture Containing Methamphetamine and Aiding and Abetting in the Distribution of More Than 50 Grams of a Mixture Containing Methamphetamine - Fugitive |

The application is based on these facts:

☑ Continued on the attached sheet.   from termination of data collection
☑ Delayed notice of **30** days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Dustin Chastain, DUSM
Printed name and title

Sworn to before me and signed in my presence.

Date: 6/10/2021

City and state: Fayetteville, AR

_____
Christy Comstock
Judge's signature

US Magistrate Judge Chisty Comstock
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE AT&T CELLULAR TELEPHONE ASSIGNED CALL NUMBER 405-215-1790 | Case No.<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

I, Deputy United States Marshal Dustin Chastain, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41, and 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A), for information about the location and use of the cellular telephone assigned call number 405-215-1790 (the "Target Cell Phone"), whose service provider is AT&T, a wireless telephone service provider. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. I am a Deputy United States Marshal (DUSM) with the U.S. Marshals Service, ("USMS"), currently assigned to the Fayetteville Division Office in Fayetteville, Arkansas. I have been so employed with the USMS since March 2011. As part of my daily duties as a Deputy U.S. Marshal (DUSM), I conduct fugitive investigations. I have received training in the area of criminal investigations and fugitive apprehension.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that the location information described in Attachment B will lead to evidence helping with the capture of an individual who has an outstanding federal warrant for her arrest.

**PROBABLE CAUSE**

5. The United States government, including the Drug Enforcement Administration (who is being assisted by the United States Marshals Service), is investigating the drug trafficking activities of Christie Yandell in the Western District of Arkansas.

6. Christie Yandell is a target of an ongoing methamphetamine trafficking investigation being conducted by the DEA and USMS in the Western District of Arkansas. During the investigation, agents identified the phone number that is the subject of this request as one of the phone numbers used by Yandell to facilitate her drug trafficking activities.

7. During the investigation, on March 18, 2021, the DEA FRO and the Benton County Narcotics Unit conducted a controlled purchase of methamphetamine utilizing a credible and reliable confidential source, hereafter referred to as CS, from Elmer Francis and Rhonda Francis. During the controlled purchase, the CS witnessed and overheard (because Elmer Francis had his phone on speaker in the presence of the CS during the call) a phone call between Elmer Francis and Christie Yandell. Yandell was communicating on the AT&T phone number (405) 215-1790, when speaking with Elmer Francis. During the phone call, Elmer Francis and

Yandell coordinated the resupply of methamphetamine from Yandell to Francis that was set to occur later that day.

8.  At approximately 9:38 p.m. DEA FRO utilized court authorized electronic surveillance that confirmed that Elmer Francis and Rhonda Francis were mobile and heading southbound toward Ft. Smith. Electronic surveillance was monitored as Elmer and Rhonda Francis traveled south on Interstate 49. At approximately 11:10 p.m., OBN Agent TFO Tyler Newby observed Elmer Francis and Rhonda Francis arrive at 701 Fuller Street in Pocola, Oklahoma driving a blue Chevy Camaro registered to Elmer Francis. At approximately 11:27 p.m., OBN TFO Tyler Newby observed a black mustang bearing Missouri tag XG9-L4E. This is a known vehicle utilized by Yandell. At approximately 11:46 p.m., OBN Agent Jason Tucker observed Elmer and Rhonda Francis leave in the Camaro and head north in the direction of Northwest Arkansas. At approximately 2:30 a.m., DEA FRO electronic surveillance showed that Elmer Francis and Rhonda Francis arrived back to their residence at 855 E Lowell Ave, in Cave Springs, Arkansas.

9.  Then, on March 19, 2021, the CS referenced above, at the direction of law enforcement, purchased additional methamphetamine from Elmer Francis, further corroborating that Yandell distributed methamphetamine to Francis on March 18, 2021, as she stated she would in the phone call overheard by the CS.

10.     During the course of the investigation, Deputy United States Marshal (DUSM) Chastain, the affiant, spoke with DEA Special Agent (SA) Broomfield. SA Broomfield is the lead case agent assigned to the investigation into the drug trafficking activities of Yandell. SA Broomfield confirmed that AT&T cellular number (405) 215-1790 is a number used by Yandell during the ongoing criminal investigation.

11.     Based upon information received from SA Broomfield, it appears that Yandell has used and continues to use the telephone number, 405-215-1790. The exact whereabouts and location of Yandell are unknown at this time. Thus, she is considered a fugitive. In addition, a Grand Jury convened in the Western District of Arkansas on June 8, 2021, has returned a True Bill against Yandell in Criminal Case Number 5:CR-50028-0011, charging her with conspiracy to distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting in the distribution of more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine in violation of federal law.

12.     Based upon my training and experience as a fugitive investigator, I know it is common for fugitives to speak, meet, and otherwise maintain a relationship with family members and significant others, and that they often do so by way of their cellular devices, including cell phones. Due to the propensity of fugitives to maintain these relationships, and that the most common way for a fugitive to communicate with others close to them is by way of their cell phones, I believe it is reasonable to grant a search warrant for the location information of the listed AT&T number used by Yandell to assist the affiant and other law enforcement officers in the apprehension of Yandell.

13.     In my training and experience, I have learned that AT&T is a company that provides cellular telephone access to the general public. I also know that providers of cellular

telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14. Based on my training and experience, I know that AT&T can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the AT&T network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that AT&T can collect cell-site data about the cell phone used by Yandell, the Target Cell Phone.

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41, 18 U.S.C. § 2703(c), and 18 U.S.C. 2711(3)(A).

17. As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court direct AT&T to disclose to the government any information described in Attachment B that is within the possession, custody, or control of AT&T. I also request that the Court direct AT&T to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with AT&T services, including by initiating a signal to determine the location of the Target Cell Phone on the AT&T network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance.

Respectfully submitted,

_____
DUSTIN CHASTAIN
DEPUTY UNITED STATES MARSHAL
UNITED STATES MARSHALS SERVICE

Subscribed and sworn to before me on \_\_\_\_10th\_\_\_\_ day of June, 2021

_____
HONORABLE CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE
WESTERN DISTRICT OF ARKANSAS

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephone assigned call number 405-215-1790 (the "Target Cell Phone"), whose wireless service provider is AT&T.

2. Information about the location of the Target Cell Phone that is within the possession, custody or control of AT&T.

## ATTACHMENT B

### Particular Things to be Seized

1. Any and all information related to SMS or Text messages, emails or any other communication, including tolls, all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

2. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of AT&T is required to disclose the Location Information to the government. In addition, AT&T must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with AT&T services, including by initiating a signal to determine the location of the Target Cell Phone on AT&T's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate AT&T for reasonable expenses incurred in furnishing such facilities or assistance. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).